IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Mickey Leonard Johnson, | ) | C/A No. 1:18-2154-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John R. Harvey, III; Judge Doyet Early; Bethany Young; Dereck Bush; Mike Hunt; Judge Melanie Debose; Aiken County Detention Center; Southern Health Partners; Brandi Galloway; Doctor Williams; Carl Stuart Insley, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Mickey Leonard Johnson, proceeding *pro se*, filed this civil rights action pursuant to 28 U.S.C. § 1915 and § 1915A. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

While screening this matter pursuant to 28 U.S.C. § 1915 and § 1915A, the court concluded Plaintiff's allegations concern three separate and distinct incidents. The incidents appear to concern (1) the lawfulness of his arrest and current detention on state criminal charges; (2) the conditions of confinement in the Aiken County Detention Center; and (3) an injury Plaintiff suffered to his finger in the detention center.

Accordingly, the court concludes Plaintiff's claims should be severed into three distinct matters. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); see also Fed. R. Civ. P. 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (providing that where a plaintiff fails

to observe the requirements of Federal Rule of Civil Procedure 20(a)(2) with respect to joinder of parties, unrelated claims against different defendants belong in separate lawsuits, and the action may be severed into separate lawsuits).

**<u>TO THE CLERK OF COURT</u>**:

The above-captioned case should pertain only to Defendants John R. Harvey, Judge Doyet Early, Judge Melanie Debose, Carl Stuart Insley, Bethany Young, Dereck Bush, and Mike Hunt. Therefore, the Clerk of Court is directed to terminate all other defendants from the above-referenced docket as in the instant case.

The Clerk of Court is further directed to assign a separate civil action number to Plaintiff in one case against the Aiken County Detention Center, and in a second case against Southern Health Partners, Brandi Galloway, and Doctor Williams. The Clerk of Court shall file this order as the initial docket entry in the newly created cases. The Clerk shall also file the Complaint from the above-captioned case as entries in each of the new cases. The Clerk shall also send a copy of this order to Plaintiff.

**<u>TO PLAINTIFF</u>:**

Based on the foregoing, your case has been severed into three separate cases. You will receive an order for each of the newly created cases explaining how to file the documents necessary to bring those cases into proper form for initial review and the issuance and service of process. Each of those cases will have separate case captions and case numbers that will aid you in keeping the cases separate.

Going forward, the instant case (<u>Johnson v. Harvey</u>, C/A No. 1:18-2154-JFA-PJG), will only concern your allegations about the lawfulness of your arrest and current detention on state criminal



charges, and the only defendants in this case are Defendants John R. Harvey, Judge Doyet Early, Judge Melanie Debose, Carl Stuart Insley, Bethany Young, Dereck Bush, and Mike Hunt. By a contemporaneously issued Report and Recommendation, the court recommended that this case be summarily dismissed pursuant to 28 U.S.C. § 1915 and § 1915A. The court's recommendation in this does not affect your claims in the newly created cases.

>Plaintiff must place the civil action number listed above (C/A No. 1:18-2154-JFA-PJG) on any document provided to the court pursuant to this order, **in this case**. Any future filings in this case must be sent to the address below (901 Richland Street, Columbia, South Carolina 29201). All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

>You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If, as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 20, 2018
Columbia, South Carolina